UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| COLLEEN McTAGUE STORRS, | : | Case No. 1:15-cv-136 |
| | : | |
| Plaintiff, | : | Judge Timothy S. Black |
| vs. | : | |
| | : | |
| UNIVERSITY OF CINCINNATI, | : | |
| | : | |
| Defendant. | : | |

**ORDER GRANTING PLAINTIFF'S
MOTION TO TAKE JUDICIAL NOTICE (Doc. 97)**

**I.  INTRODUCTION**

This civil case is before the Court on the motion (Doc. 97) of Plaintiff, Colleen McTague Storrs, for the Court to judicially notice her benefits under the State Teachers Retirement System of Ohio ("STRS"), as well as the parties' responsive briefings (Docs. 99, 101, 102, 103).[1]

At this point, the sole issue remaining for trial is Dr. McTague's claim that Defendant, the University of Cincinnati ("UC"), violated the EPA by paying her less than male Assistant Professors in the Geography Department.  For that claim, Dr. McTague seeks to recover the difference between what she was paid as an Assistant Professor and what UC paid to the male Assistant Professors, as well as damages to compensate her for the effect that discrepancy had on her retirement payments under the STRS.

---

[1] The Motion also requested that the Court take judicial notice of Plaintiff's life expectancy; the Court granted that request on the first day of trial.  (*See* Dkt. 2/12/18 Minute Entry).

On February 5, 2018, Dr. McTague filed the instant motion requesting that the Court take judicial notice of the formula used to calculate her retirement payments under the STRS. (Doc. 97).

**II. STANDARD**

The taking of judicial notice is governed by Federal Rule of Evidence 201. That rule provides, in relevant part, that the Court may judicially notice a fact that is not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b)(1)-(2).

**III. ANALYSIS**

Dr. McTague argues that the Court should take judicial notice of the formula used to calculate her retirement benefits under the STRS. (Doc. 97 at 2-3). Dr. McTague filed two documents to aid the Court in taking judicial notice: her STRS statement, and the STRS's publication *Service Retirement and Plans of Payment*. (Doc. 101-2).

Initially, the Court notes that the STRS statement and the STRS's publication provide two different equations. Specifically, the STRS statement provides that Dr. McTague's monthly retirement benefit is calculated by multiplying her "Final Average Salary" (*see* Ohio Rev. Code § 3307.501) by 36.48%, and again by 85%, and then dividing the resulting number by twelve (months). (Doc. 101-2 at 2). In contrast, the STRS's publication provides that Dr. McTague's monthly benefit is calculated by multiplying her "Final Average Salary" by a number on a chart that corresponds to her

age at retirement and her years of service, and dividing the resulting number by 12 (months). (*See* Doc. 102 at 22).

These two equations appear to be different means of arriving at, approximately, the same result. Nevertheless, the formulas are different on their face, and the Court must determine which, if either, is appropriate for judicial notice.

The Court finds that the formula on Plaintiff's STRS statement is not appropriate for judicial notice. The formula is listed on a paper bearing STRS letterhead, but devoid of any other context. This is hardly a source "whose accuracy cannot be questioned" as required by Federal Rule of Evidence 201.

However, the Court finds the formula provided in the STRS publication is appropriate for judicial notice. The Court cannot reasonably question the accuracy of an official publication from STRS, the entity tasked with administering and managing state teachers retirement benefits. *See* Ohio Rev. Code § 3307.01, *et seq.* Further, the formula for calculating beneficiaries' monthly benefits is readily ascertainable from the publication. (*See* Doc. 101-2 at 22).

UC objects to the Court taking judicial notice. Its arguments lack merit.

Initially, UC argues that the formula is not authenticated. (Doc. 103 at 3-4). The Court does not agree. The formula is explained in the STRS's publication, *Service Retirement and Plans of Payment*, a document that is self-authenticating under Federal Rule of Evidence 902(5) as an official publication of a public authority. (*See* Doc. 101-2 at 4).

3

Next, UC argues that Dr. McTague is not qualified to testify as to particulars of the STRS formula, including "what the STRS multiplier represents, its derivation, or its application (including T-Bond rates and terms of annuity and statutory changes.)" (Doc. 103 at 1-2). The Court does not agree for multiple reasons.

First, Dr. McTague has not indicated that she intends to offer any evidence about what any part of the calculation "represents," and such testimony does not appear relevant.

Second, the self-authenticating *Service Retirement and Plans of Payment* publication sufficiently explains the application of the STRS retirement payments. (*See* Doc. 101-2).

Third, UC's argument that Dr. McTague has not accounted for fluctuations in bond rates, or changes to the statutes governing the STRS, lacks merit. The Ohio Revised Code governs the STRS and the *Service Retirement and Plans of Payment* publication explains the application based on the laws as they exist today. In proving her damages, Dr. McTague is not required to account for hypothetical and speculative changes to those laws.

Finally, UC argues that Dr. McTague is only entitled to the present value of her future damages (the STRS payments), but the STRS formula fails to provide a present value calculation. (Doc. 103 at 3). UC argues that Dr. McTague cannot provide testimony regarding the present value of her STRS payments as her testimony would be an uneducated guess. (*Id.*). This argument is not well-taken.

First, the Court agrees with UC that Dr. McTague is only entitled to recover the present value of her STRS benefits. However, the fact that the STRS formula does not contain a present value calculation does not render it inadmissible. The Court can instruct the jury regarding present value of future damages. *See Jackson v. City of Cookeville*, 31 F.3d 1354, 1360 (6th Cir. 1994) (district court properly instructed the jury to discount retirement benefits to present value).

Second, to the extent UC suggests that Dr. McTague should be prohibited from presenting evidence of her STRS benefits because she has not presented "any evidence, guidance, or expert testimony on present value discount for the jurors," it fails as a matter of law. The Sixth Circuit Court of Appeals has rejected this exact argument. *See Pennsylvania R. Co. v. McKinley*, 288 F.2d 262, at 266 (6th Cir. 1961) (rejecting the argument that evidence of present value is a prerequisite to recovery of future damages because "[j]urors are presumed to be intelligent people, generally aware, from today's economy and their own experience with it, of the earning value of money when placed in safe investments.").

### IV. CONCLUSION

For the foregoing reasons, Dr. McTague's motion for judicial notice (Doc. 97) is **GRANTED** to the extent it requests the Court to judicially notice the formula for calculating her benefits under the State Teachers Retirement System.

**IT IS SO ORDERED**.

Date: 2/14/2018 */s/ Timothy S. Black*
Timothy S. Black
United States District Judge